UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD LOMBARD                                          CIVIL ACTION

VERSUS                                                    NO. 07-5288

SHERIFF MARLIN GUSMAN, ET AL.                             SECTION: "R"(1)


**ORDER AND REASONS**

Plaintiff, Reginald Lombard, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Sheriff Marlin Gusman, Captain Jenkins, and Captain Stanley Deterville. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Broadly construing plaintiff's complaint[2] and fully considering his Spears hearing testimony,[3] the Court finds that plaintiff is making the following allegations. In April of 2007, plaintiff was confined within the Orleans Parish Prison system as a pretrial detainee. Because of the

---

[1] Rec. Doc. 19.

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] A Spears hearing was held on November 26, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

lack of privacy in his cell, he and his cellmates would periodically hang blankets to block visual surveillance of the cell and the security cameras while they used the bathroom. To punish them for that infraction, plaintiff and three other inmates were placed in a holding cell for seventy-hours with the lights always on, kept in leg shackles, denied medical care, fed cold food twice a day, and deprived of mattresses and bedding.[4] Plaintiff contends that this punishment occurred without his ever being formally charged with a disciplinary violation. Plaintiff also complains that Captain Jenkins made an inappropriate sexual comment.

Defendants have filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[5] Plaintiff was ordered to file a memorandum in opposition to that motion,[6] but he has not done so.

## *Sua Sponte* Screening

Before turning to defendants' motion for judgment on the pleadings, the Court will dismiss *sua sponte* the claim regarding the inappropriate sexual comment.[7] Plaintiff alleges that, in response

---

[4] In the complaint, plaintiff also mentioned that a federal inmate, John Sears, was placed in the holding cell. However, at the Spears hearing, plaintiff noted that he was asserting no claim based on Sears' placement in the cell; rather, Sears was mentioned only because he was a witness to the events.

[5] Rec. Doc. 21.

[6] Rec. Doc. 22.

[7] This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any

to the inmates' request for food, Jenkins "hold him self and said eat me I am a hot-dog, smile."[8] Even if that admittedly juvenile retort is construed as a form of verbal abuse, a claim for verbal abuse simply is not cognizable in a federal civil rights action. Jane Doe 5 v. City of Haltom City, 106 Fed. App'x 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights ...."); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983.").

---

portion of the complaint, if the complaint –
  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[8] Rec. Doc. 1, p. 6.

Defendants' Motion

Turning now to defendants' motion for judgment on the pleadings, the Court notes that "[t]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). Under the Rule 12(b)(6) standard for dismissal, as recently modified by the United States Supreme Court, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S.Ct. 1230 and 1231 (2008).

In the motion, Sheriff Gusman first argues that the claims against him must be dismissed because there is no allegation that he was personally involved in the incidents giving rise to plaintiff's claims. The Sheriff is correct.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).[9] "Personal involvement is an essential

---

[9] Plaintiff does not specify in his complaint whether he is suing Gusman in his individual or official capacity. Gusman has assumed that he is being sued in his individual capacity, and this Court is operating under that same assumption. However, if plaintiff meant to assert an official-capacity claim, that claim would clearly fail for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against

4

element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, plaintiff does not allege that Gusman *personally* subjected him to the conditions about which he now complains. Further, the fact that Gusman is the custodian and supervisory official in charge of the prison system is not a basis to hold him liable for federal civil rights violations under any theory of strict liability[10] or vicarious liability.[11] According, plaintiff's claims against Sheriff Gusman must be dismissed.

However, plaintiff alleges that Jenkins and Deterville *were* personally involved in the actions giving rise to the remaining claims. Specifically, it is alleged that, based on Jenkins' direct orders, Deterville placed plaintiff and the other inmates in the holding cell for three days with the lights always on, kept them in leg shackles for a prolonged period, denied them medical care, gave them inadequate food, and denied them adequate bedding. Plaintiff alleges that all of these actions were taken to punish the inmates for hanging blankets to block visual surveillance of their cell by guards and the security cameras. Plaintiff claims that he and the other inmates were never formally charged

---

the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom.

[10] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ([T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).

[11] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

with a disciplinary infraction or afforded a disciplinary hearing. It is that final allegation that is crucial here.

The law provides that *convicted* prisoners may be disciplined without first being afforded a disciplinary hearing so long as the resulting punishment for their disciplinary infraction does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). However, plaintiff was *not* a convicted prisoner at the time of this incident; he was a *pretrial detainee.* The law provides that, unlike convicted prisoners, pretrial detainees "may not be punished prior to adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1979).[12] Therefore, when confronted with a pretrial detainee's claim that he was subjected to adverse conditions without due process of law, the Court must whether the measures were taken with a punitive intent. As the United States Supreme Court explained:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to

---

[12] However, as was noted in Mitchell v. Dupnik, 75 F.3d 517 (9th Cir. 1996):

> This conclusion does not mean that pretrial detainees are free to violate jail rules with impunity. Indeed, Bell recognizes the need for preserving "internal order and discipline" among pretrial detainees as well as convicted prisoners. Our conclusion does mean, however, that pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule. The detainees have no sentences to encompass such disciplinary confinement.

Id. at 524-25 (internal citation and footnotes omitted); see also Rapier v. Harris, 172 F.3d 999 (7th Cir. 1999); Dean v. Thomas, 933 F.Supp. 600, 606-07 (S.D. Miss. 1996).

> which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

Bell, 441 U.S. at 538-39 (citations, footnotes, quotation marks, and brackets omitted). Accordingly, if this Court, as it must, accepts as true plaintiff's central allegation, i.e. that, without formal disciplinary charges, he was placed in a holding cell for three days and subjected to various deprivations as punishment for a disciplinary infraction, it is evident that he has pleaded enough facts to state a claim to relief that is plausible on its face. Accordingly, defendants Jenkins and Deterville are not entitled to judgment on the pleadings with respect to the remaining claims.[13]

In making that determination, the Court specifically rejects defendants' argument that plaintiff's claims are barred by 42 U.S.C. § 1997e(e) on the basis that he has not alleged that he suffered a physical injury. By its very terms, § 1997e(e) applies only to actions by persons confined in a jail, prison, or other correctional facility. At the time plaintiff filed this lawsuit, he had already been released from confinement.[14] Therefore, § 1997e(e) is inapplicable. Hebert v. Maxwell, Civil Action No. 03-1739, 2008 WL 1733233 (W.D. La. Apr. 14, 2008); Gibson v. Kendrick, Civil Action

---

[13] Because the Court finds that plaintiff's rights were violated if the alleged actions were taken to punish him without first affording him due process, the Court need not, and does not, decide at this point whether the alleged actions would themselves constitute separate and distinct violations. However, if at trial plaintiff fails to meet his burden to prove punitive intent, he may nevertheless still prevail in part if any of the underlying actions violated his constitutional rights even absent such intent.

[14] See Rec. Doc. 1, p. 3, and Rec. Doc. 2, p. 1.

No. 04-2960, 2005 WL 1309161 (E.D. La. May 19, 2005).  Accordingly, defendants are incorrect as a matter of law.[15]

Accordingly,

**IT IS ORDERED** that plaintiff's verbal abuse claim is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous for failing to state a claim on which relief may be granted**.**

**IT IS FURTHER ORDERED** that defendants' motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** with respect to Sheriff Marlin Gusman and the claims against him are **DISMISSED WITH PREJUDICE**.  The motion is **DENIED** with respect to Captain Jenkins and Captain Stanley Deterville.  The claims against Jenkins and Deterville will be allowed to proceed.

New Orleans, Louisiana, this third day of July, 2008.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[15]   The Court also notes that defendants are partially wrong as a matter fact as well.  At the <u>Spears</u> hearing, plaintiff testified that he suffered physical injuries from the prolonged use of the shackles and from being forced to sleep without a mattress.